**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARK A. MANFREDI and ROBIN MANFREDI,**

        **Plaintiffs,**

**v.**                                        **Case No: 6:12-cv-13-Orl-31TBS**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This cause comes before the Court without oral argument on a motion for summary judgment (Doc. 15) filed by Defendant State Farm Mutual Automobile Insurance Co. ("State Farm"). Plaintiffs have not responded.

**I.    Background**

On September 22, 2010, Plaintiff, Mark Manfredi ("Manfredi") was involved in a motor vehicle accident with an uninsured driver, resulting in bodily injury to Manfredi. At the time of the accident, Manfredi had in effect an automobile insurance policy with State Farm which provided $100,000.00 in uninsured motorist coverage for his Ford F-150 (the car involved in the accident)—policy number 672-2263-59A (the "F-150 Policy"). This policy was deemed "stacking" at the time of the accident because "State Farm did not have a valid selection/rejection form on file prior to the date of loss." (Doc. 15 at 2). State Farm also issued an automobile insurance policy number 627-2264-59A for the benefit of Manfredi insuring a 1999 Ford

Expedition with $100,000.00 in uninsured motorist coverage (the "Expedition Policy). Manfredi rejected the stacking uninsured motorist coverage for this vehicle.

At the time of the accident Manfredi resided with his parents, who had two State Farm automobile insurance policies with $100,00.00 in uninsured motorist coverage in effect. Both, however, rejected stacking uninsured motorist coverage—policy numbers 845-7450-10-59E and 845-7449-A07-59G (the "Parents Policies").

State Farm tendered $100,000.00 to Manfredi under the 672-2263-59A policy as a result of the accident. Manfredi apparently contends, however, that because this policy was deemed stackable, he is entitled to the proceeds of the other three policies mentioned above. He filed suit in state court November 11, 2011 seeking additional uninsured motorist benefits from the other policies.[1] The case was removed on January 4, 2012 and State Farm filed the instant Motion on October 17, 2012.

**II.    Standard**

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the

---

[1] Exactly what Plaintiffs seek is unclear. There is no specific cause of action in the Complaint, only a vague allegation that Plaintiffs are due more money. Since they have not responded to this Motion, the Court can only guess.

court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

### III.   Discussion

There is no dispute that Plantiffs are entitled to the uninsured motorist benefits from the F-150 Policy—these benefits have already been paid to Plaintiffs. The Complaint seeks additional benefits from the Expedition Policy and the Parents Policies, but does not explain the legal basis for such a proposition.[2] State Farm assumes, as will this Court, that Plaintiffs' theory of recovery is two-fold: the first is based on a misunderstanding of 627.727(9)(c) of the Florida Statutes, while

---

[2] Plaintiffs cite only to §624.155(1)(b)(1), Fla. Stat. which provides a civil remedy against an insurer who does not attempt, "in good faith to settle claims when, under all the circumstances, it could and should have done so . . ."

the second seeks to improperly stack coverage from the Expedition Policy and the Parents Policies.

With respect to Plaintiffs' first theory, section 627.727(9)(c) of the Florida Statutes provides that if Plaintiff were occupying a vehicle not owned by him or a family member at the time of the accident, he would be entitled to 'excess' coverage. §627.727(9)(c), Fla. Stat. Subsection (b) provides, however, that "[i]f at the time of the accident the injured person is occupying a motor vehicle, the uninsured motorist coverage available to her or him is the coverage available as to that motor vehicle." Since Plaintiff was occupying his vehicle (the F-150) when the accident occurred, he was entitled to the uninsured motorist coverage on that vehicle, not to any 'excess' coverage under subsection (c).

The only other argument Plaintiffs might make, is that because the F-150 Policy was deemed stackable, they are entitled to stack the uninsured motorist benefits in the other policies. This argument fails, however, because the other policies are not stackable. The Florida Supreme Court addressed this issue directly, "we hold that the number of uninsured motorist coverages available to be stacked should be based upon the number of coverages for which uninsured motorist premiums were paid." *Coleman v. Florida Ins. Guar. Ass'n, Inc.*, 517 So. 2d 686, 690-91 (Fla. 1988). In this case, no stacking premiums were paid for the Expedition Policy or the Parents Policies. Thus, Plaintiffs are not entitled to stack benefits.

It is therefore,

**ORDERED** that Defendant's Motion for summary judgment (Doc. 15) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant and to thereafter close the file.

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties